**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KYLE BUTLER RASHLEY and NICHOLAS DUNGEY, on behalf of themselves and others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>BOOST HEALTH INSURANCE, INC.,<br>Defendant. | Case No: 1:25-cv-21690-KMW<br><br>**Class Action** |

**PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs move to dismiss Defendant Boost Health Insurance, Inc.'s counterclaims for Fraudulent Misrepresentation, Abuse of Process, and Civil Conspiracy under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6), and in support of their motion state as follows:

## INTRODUCTION

Defendant Boost Health Insurance, Inc.'s counterclaims for fraudulent misrepresentation, abuse of process, and civil conspiracy are subject to dismissal under multiple, independent doctrines. Each claim is legally deficient under Florida law because it fails to plead essential elements, including specific causation, materiality, and, in the case of abuse of process, any post-filing misuse of process. In addition, the fraud claim does not meet the heightened pleading standards required by Rule 9(b), as it does not identify the particular statements at issue, when or by whom they were made, or how they proximately caused any injury.[1]

[1] Parts of this motion assume the truth of Defendant's allegations solely for purposes of evaluating whether the counterclaims state a claim under Rule 12(b)(6). Plaintiffs expressly and strenuously deny those allegations and reserve all rights to contest their accuracy if any claim proceeds past the pleading stage.

Boost's counterclaims also fail for lack of Article III standing. To establish standing, a party must allege an injury in fact that is fairly traceable to the challenged conduct of the opposing party and likely to be redressed by a favorable decision. Here, Boost pleads no specific facts attributing any alleged conduct to Mr. Rashley or Mr. Dungey, and Plaintiffs have submitted declarations confirming they did not engage in the conduct alleged. Under well-settled precedent, those declarations shift the burden to Boost to demonstrate subject matter jurisdiction with evidence, which it has not done.

For these reasons, and those explained below, the counterclaims should be dismissed in their entirety.

## ARGUMENT

### I. Boost has not stated fraudulent-misrepresentation, abuse-of-process, or civil-conspiracy claims under Rule 12(b)(6).

Boost's counterclaims are squarely foreclosed by binding Florida law. Even crediting the factual allegations, the claims misstate core legal requirements for fraud, abuse of process, and conspiracy and must be dismissed under Rule 12(b)(6).

#### *a. Boost's fraud claim fails—it has not connected Plaintiffs alleged misrepresentation to its claimed damages.*

To state a fraudulent misrepresentation claim under Florida law, a plaintiff must plead four elements: (1) a false statement concerning a material fact; (2) the representor's knowledge that the statement was false; (3) an intention that the representation induce another to act on it; and (4) consequent injury resulting from reliance on the representation. *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985).

Thus Boost had to plead that Rashley and Dungey lied, that their lies spurred Boost to

act, and that action caused Boost's damages. The Florida Supreme Court makes that causal chain explicit: "It must be alleged in a declaration or complaint for false representations, that the plaintiff has suffered damage in consequence of the representations complained of … placed in a worse condition than if the words spoken had not been false." *Tampa Union Terminal Co. v. Richards*, 108 Fla. 516, 526, 146 So. 591, 594 (1933). Likewise, in *Prentice v. R.J. Reynolds Tobacco Corporation*, the Florida Supreme Court drew a straight line: the plaintiff must trace the misrepresentation to the act it prompted and to the injury that followed from that very act. 338 So. 3d 831, 838 (Fla. 2022). The Court rejected the notion that a plaintiff can prevail by proving only that some information was false or incomplete. Rather, "the object of a plaintiff's reliance is a representation by the defendant," and "reliance is what establishes the necessary connection between a fraudulent representation and the plaintiff's injury." *Id*.

Here, Boost never pleads that the alleged misrepresentation prompted any action that caused it harm. Boost's core premise is that Plaintiffs entered partial or inaccurate information into a website form, such as fictitious names or incomplete addresses. ECF No. 7 ¶¶15, 29, 44. But merely alleging that false details appeared in a submission does not satisfy the requirement that the misrepresentation be material and causally connected to a resulting injury. The counterclaim identifies no particular facts showing how any inaccurate or partial data actually mattered to Boost's decision to send text messages, or how it proximately caused any injury. Alleging that partial or inaccurate information appeared in a form does not establish that Boost relied on that information to send the telemarketing at issue. As *Cohen v. Oliver Exterminating Corp.*, No. 2018-024199-CA-01, 2019 Fla. Cir. LEXIS 16107, at *5–6 (Fla. 11th Cir. Ct. Sept. 10, 2019), illustrates a plaintiff must do more than point to contemporaneous conduct to connect alleged wrongdoing to a legally cognizable injury. In *Cohen*, the court rejected the inference that employees' criminal

records caused missing property simply because both facts existed at the same time. It emphasized that "some facts must necessarily be pled to establish causation as a matter of law," dismissing the plaintiff's fraud claim as an impermissible "leap" lacking "specific factual support." *Id.*

So too here: Boost needs to plead that it would not have sent the telemarketing messages at issue but for the Plaintiffs' misrepresentations. It has not done so because—in all likelihood—it cannot. The overwhelming likelihood is that Boost's system, like many similar telemarketing systems, is automated. It sends out text messages automatically whenever a phone number is entered, without any review process. This means the messages would be sent regardless of whether the information provided was accurate. Thus, Boost is insinuating—though not actually alleging—something extremely implausible: that Plaintiffs somehow induced an automated system to rely on their misrepresentations.

*b. Boost's abuse-of-process claim fails—it alleges neither a post-issuance misuse of process nor an improper purpose.*

Under Florida law, abuse of process requires more than simply filing a lawsuit with an ulterior motive. The claimant must allege a willful act using process after it issues and a purpose for which that process was not designed. *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 4th DCA 1984) ("The mere issuance of process with a malicious intent or ulterior purpose is not actionable."); *Scozari v. Barone*, 546 So. 2d 750, 751 (Fla. 3d DCA 1989) (holding that no abuse occurs "when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive").

Defendant's abuse of process claim fails under binding Eleventh Circuit precedent because it does not identify any misuse of process occurring *after* process issued. As the Eleventh Circuit has explained, "abuse of process requires an act constituting the misuse of process after it

issues," and "the maliciousness or lack of foundation of the asserted cause of action itself is actually irrelevant to the tort." *Borneisen v. Capital One Fin. Corp.*, 490 F. App'x 206, 215 (11th Cir. 2012) (quoting *Cazares v. Church of Scientology of Cal., Inc.*, 444 So. 2d 442, 444 (Fla. 5th DCA 1983)). Here, Defendant alleges no post-filing conduct at all—only that Plaintiffs filed suit based on lies with an improper motive. That is legally insufficient as a matter of law.

Most recently, in *Svistina v. Elbadramany*, No. 22-cv-20525-BLOOM, 2023 WL 34642, 2023 U.S. Dist. LEXIS 784 (S.D. Fla. Jan. 3, 2023), the court reaffirmed that principle. There, the defendant counterclaimed for abuse of process, alleging that the plaintiff had filed a civil suit in bad faith to extract a settlement. The court dismissed the claim, explaining that the tort "is concerned with the improper use of process after it issues, for some wrongful and unlawful object or collateral purpose." *Id.* at *7 (quoting *Verdon v. Song*, 251 So. 3d 256, 258 (Fla. 5th DCA 2018)). Even assuming the lawsuit was filed maliciously and based on lies, the court found no abuse of process because the defendant failed to identify any misuse of process once the complaint had been filed. As the court put it, seeking "profit"—meaning damages—through litigation remains "a permissible use of the civil legal system, even if a plaintiff's allegations are based on lies." *Id.* at *12; *See, e.g., Chevaldina v. Ctr. for Ind'l Rights*, 20-cv-24690, 2021 U.S. Dist. LEXIS 244665, 2011 WL 8776795, at * 16 (S.D. Fla. 2021 Dec. 15, 2021) (filing a false affidavit to win a civil case is not an abuse of process).

This reasoning squarely forecloses Boost's theory. The counterclaim does not allege any post-filing conduct—no misuse of discovery, no improper subpoenas, and no threats directed at an unlawful collateral objective. It alleges only that Plaintiffs filed suit to induce settlement. That is precisely the scenario *Svistina* and Florida courts have held insufficient as a matter of law. The abuse-of-process claim should be dismissed.

*c. Boost's civil-conspiracy claim fails—it rests on no viable underlying tort and Plaintiffs do not know each other.*

A civil conspiracy claim requires: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy. *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997). "The gist of a civil action for conspiracy is not the conspiracy itself but the civil wrong which is alleged to have been done pursuant to the conspiracy." *Loeb v. Geronemus*, 66 So. 2d 241, 243 (Fla. 1953). Because Boosts fraud and abuse of process claims fail, its civil conspiracy claim does, too. Moreover, as attested in Plaintiffs declarations, they do not know each other and have never met. *See* Declaration of Kyle Butler Rashley, attached as Exhibit 1, ¶9 and Declaration of Nicholas Dungey, attached as Exhibit 2, ¶9.

**II. Even if Boost could state a claim (it cannot), it failed to allege fraud with particularity as required under Rule 9(b).**

Rule 9(b) of the Federal Rules of Civil Procedure states that a party who alleges fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "The particularity requirement of Rule 9(b) is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (cleaned up). "Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled." *Id.* at 442. To satisfy Rule 9(b)'s heightened pleading standard, "a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled [him]; and (4) what the defendants gained

by the alleged fraud." *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019) (alteration in the original) (quoting *ADA v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)), *cert. denied*, 140 S. Ct. 2828, 207 L. Ed. 2d 159 (2020). To satisfy Rule 9(b)'s heightened pleading standard a party must allege particular facts about the "who," "what," "where," "when," and "how" of the fraud. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1052 (11th Cir. 2015) (citation omitted) Rule 9(b) serves two purposes: alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. *United States ex rel. 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353, 1360 (11th Cir. 2023). Thus, to comply with Rules 8and 9(b), "some indicia of reliability must be given in the complaint to support the allegation of" fraud. *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002) To that end, the "plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id.* at 1310 (internal quotation marks omitted). Therefore, "pleadings generally cannot be based on information and belief." *Id.* (internal quotation marks omitted). Furthermore, where a pleading fails to identify "the particular misrepresentations" with specificity, dismissal is warranted under Rule 9(b). *Sony/ATV Music Publ'g LLC v. 1729172 Ont., Inc.*, No. 3:14-cv-1929, 2016 U.S. Dist. LEXIS 106333, at *22 (M.D. Tenn. Aug. 11, 2016) (dismissing fraud claim where complaint contained only vague allegations). Where a pleading fails to identify with specificity the factual basis for alleged deception, dismissal is warranted. In *Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, the defendant brought counterclaims sounding in fraud against a plaintiff asserting consumer protection claims. Applying Rule 9(b), the court held that the counterclaims required more than conclusory accusations and must "set forth specific fraudulent or deceptive acts rather

than general allegations." 2016 U.S. Dist. LEXIS 106333, at *15 (M.D. Tenn. Aug. 11, 2016). Because the defendant failed to identify any concrete misrepresentation and relied instead on vague assertions, the court dismissed the claims for failure to plead fraud with particularity.

Here, Boost's Counterclaim does not meet these standards. Paragraph 12—the linchpin of its fraud theory—is particularly deficient.

| **Element Required by Rule 9(b)** | **Deficiency in Paragraph 12** |
|---|---|
| What (the precise misrepresentation) | The pleading does not specify what information was false—no quotation, no attachment, not even an example. |
| When (date and time) | Only vague references to March 2025 appear elsewhere—no specific dates or times for any alleged misrepresentation. |
| Who (person responsible) | The allegations lump "Counter-Defendants" together without attributing any specific statement to either Rashley or Dungey individually. Group pleading is inadequate. *Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). |
| How (how it was misleading) | No explanation of how any supposed false submission misled Boost into action. In fact, Boost concedes Plaintiffs provided their real phone numbers and consented to contact—defeating any inference of deception. |

| **Element Required by Rule 9(b)** | **Deficiency in Paragraph 12** |
|---|---|
| Indicia of reliability | The pleading offers no corroboration—no documents, witness statements, or other evidence to substantiate the alleged fraud. *Clausen*, 290 F.3d at 1311. |
| Prohibition on information and belief | The allegations are expressly "upon information and good faith belief," without any particular facts showing why that belief is justified. Rule 9(b) does not permit fraud claims to rest on speculation. *Id.* at 1310. |

These are precisely the type of vague and conclusory allegations Rule 9(b) was designed to preclude. They fail to alert Plaintiffs to the precise misconduct charged and offers none of the factual detail necessary to proceed. Where a pleading fails to identify with specificity the factual basis for alleged deception, dismissal is warranted. In *Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, the defendant brought counterclaims sounding in fraud against a plaintiff asserting consumer protection claims. Applying Rule 9(b), the court held that the counterclaims required more than conclusory accusations and must "set forth specific fraudulent or deceptive acts rather than general allegations." 2016 U.S. Dist. LEXIS 106333, at *15 (M.D. Tenn. Aug. 11, 2016). Because the defendant failed to identify any concrete misrepresentation and relied instead on vague assertions, the court dismissed the claims for failure to plead fraud with particularity.

Enforcing Rule 9(b)'s heightened pleading requirements is especially important in the TCPA context because defendants frequently resort to speculative or weakly supported fraud counterclaims to intimidate consumers into dropping their cases. These counterclaims often

function less as legitimate disputes and more as strategic leverage: a prelude to burdensome discovery, reputational smears, and threats of liability for fees or damages.

This chilling effect underscores why courts applying Rule 9(b) in the TCPA context consistently require a heightened pleading standard. Allowing defendants to assert vague or speculative fraud counterclaims against consumers asserting their rights risks deterring enforcement of the TCPA's remedial protections. *See Riazi v. Ally Fin., Inc.*, 2017 U.S. Dist. LEXIS 157011, at *16 (E.D. Mo. Sept. 26, 2017)* ("Such counterclaims clearly undermine the remedial purpose of the TCPA."); *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 825 (M.D. Tenn. 2018) ("[F]raud-based counterclaims have a chilling effect that counsels caution."). A heightened pleading standard ensures that only well-grounded allegations proceed, minimizing the risk that fraud theories will be used to intimidate or chill valid TCPA claims.

**III.Boost's counterclaims should be dismissed under Rule12(b)(1).**

Boost's counterclaims should also be dismissed for lack of standing. To have standing, a plaintiff must (1) have suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that will likely be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Because Boost has not pled—let alone with specificity—any challenged conduct that is "fairly traceable" to either Mr. Rashley or Mr. Dungey, nor any that is likely to be redressed by a favorable decision against them, it cannot establish the essential elements of Article III standing. *Id.* For that matter, it also cannot establish any requisite injury in fact.

The standards for Rule 12(b)(1) challenges for lack of subject matter jurisdiction are well-settled. Notably, there are two types of Rule 12(b)(1) challenges, each with corresponding standards: facial and factual challenges. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

Here, Rashley and Dungey submit declarations confirming that they never engaged in any of the allegedly fraudulent conduct and never submitted any information to Boost other than their real phone numbers for purposes of obtaining insurance quotes. (Rashley Dec. ¶¶ 6-12; Dungey Dec. ¶¶ 6-12). In so doing, they mount a factual challenge.

Because in a factual challenge the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," Boost bears the burden of proving that jurisdiction does in fact exist, including by adducing evidence of its own. *Lujan*, 504 U.S. at 561.

The Court should therefore dismiss Boost's counterclaims under Rule 12(b)(1) for lack of federal subject matter jurisdiction. It is well settled that standing is an element of subject matter jurisdiction. *Silha*, 807 F.3d at 173. Rashley and Dungey have stated under oath that they did not engage in any of the conduct Boost claims constitutes fraud, including submitting false information to the website or any third parties. (Rashley Dec. ¶¶ 6-12; Dungey Dec. ¶¶ 6-12). Moreover, Boost has not pled any cognizable injury in fact, further demonstrating it lacks standing to assert its counterclaims.

And this Court may consider declarations—such as the ones submitted here—without converting this motion into one for summary judgment. *Morrison v. Amway Corp.***,** 323 F.3d 920, 924 n.5 (11th Cir. 2003) ("[I]n a factual attack [under Rule 12(b)(1)], the district court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "may consider extrinsic evidence such as testimony and affidavits.") The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction. *Murphy v. Sec'y, United States Dep't of the Army*, 769 F. App'x 779, 782 (11th Cir. 2019).

Here, Rashley and Dungey's declarations establish that Boost has failed to establish traceability or redressability and therefore has not shown Article III standing. Plaintiffs deny ever

submitting any of the information that forms the basis of Boost's fraud claims. Accordingly, any alleged fraud cannot be traced to Rashley's or Dungey's conduct, and any judgment in Boost's favor would not redress any injury.

Not only does Boost fail to plead causation with respect to Rashley or Dungey, it does the opposite: it pleads that all relevant conduct occurred as a matter of "information and belief," with no particularized facts attributing any alleged submission or misrepresentation to them specifically. And as addressed separately, Boost has not pled a cognizable injury in fact.

Accordingly, Boost has failed to plead specific causation sufficient to make the challenged conduct fairly traceable to Rashley or Dungey for Article III purposes. The Court should dismiss the counterclaims in their entirety.

## CONCLUSION

For these reasons, Boost's counterclaims fail as a matter of law and should be dismissed in their entirety.

Dated: July 8, 2025

Respectfully submitted,

*/s/ Avi R. Kaufman*

Avi R. Kaufman, Esq. (FL Bar No. 84382)
Rachel E. Kaufman, Esq. (FL Bar No. 87406)
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gable, Florida 33133
rachel@kaufmanpa.com
kaufman@kaufmanpa.com
(305) 469-5881

*Counsel for Plaintiff and all others similarly situated*