**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-21690-KMW-EAL**

KYLE BUTLER RASHLEY, *et al.,*

Plaintiffs/Counter-Defendants,

v.

BOOST HEALTH INSURANCE
AGENCY, LLC,

Defendant/Counter-Plaintiff.
_______________________________________/

**EMERGENCY MOTION OF BOOST HEALTH INSURANCE AGENCY, LLC**
**TO EXTEND THE DISCOVERY DEADLINE**
**AND MODIFY THE CASE SCHEDULING ORDER**

Defendant/Counter-Plaintiff, Boost Health Insurance Agency, LLC ("Boost"), by and through undersigned counsel and makes this Emergency Motion for an Extension of the Discovery Deadline, Pretrial Motion Filing Deadline, and Modification of the Case Scheduling Order.

Boost respectfully moves for an Order extending all current deadlines, including the discovery deadline, pretrial filing deadlines by sixty (60) days based on good cause and the unusual, exceptional and exigent circumstances set forth below.

**RELEVANT BACKGROUND**

On July 9, 2025, the Court issued the original Case Scheduling Order (D.E. 12) in this matter, which set case scheduling deadlines, including a discovery deadline of July 2, 2026, pretrial motion filing deadline of July 29, 2026 and a Trial Date of November 2, 2026.

The Parties engaged in discovery in a timely manner, with the exception of a protracted discovery dispute relating to Messrs. Dungey's and Rashley's refusal to allow the inspection of three (3) iPhones identified in their sworn Interrogatory Answers as being the devices on which

they alleged to have received contact from Boost and which they used to access the internet. Notably, Boost originally served its Request for Inspection of these devices on March 13, 2026. After multiple attempts to meet and confer and over three months of delay, during which time counsel for Boost was redirected by Counsel Kaufman to contact two other lawyers for the meet and confer process,[1] the Parties filed a Joint Letter Motion seeking direction from Magistrate Lett regarding the requested device inspection.

Prior to being heard by Magistrate Lett, Boost filed an unopposed Motion for an Extension of the Discovery Deadline (D.E. 32) to permit the device inspection and the subsequent depositions of Mr. Dungey and Mr. Rashley. The Court granted that Motion and extended the Discovery Deadline until August 13, 2026 and the pretrial motion filing deadline until August 27, 2026 (D.E. 44).

After a hearing on June 30, 2026 before Magistrate Lett regarding the dispute about the request to inspect three devices, Magistrate Lett issued an Order (D.E. 41) permitting the inspection to proceed. After further conferral with Counsel Duffie, the inspection of the three devices occurred, with imaging taken to determine whether information on the devices had been deleted, wiped or spoliated. The preliminary information resulting from this imaging shows that one device had been factory reset (meaning the phone had been entirely deleted), and the other two devices had significant amounts of information intentionally deleted – well after the commencement of the litigation. This information was just discovered last week.

---

[1] These lawyers were Dana Oliver (who never appeared in this case) and Allison Duffie (who has appeared in the case), both of whom with which counsel for Boost met and conferred.

On July 30, 2026, counsel for Boost issued Deposition Notices for both Mr. Dungey and Mr. Rashley. Based on conferral with Plaintiffs' counsel, the Parties also agreed on the dates of the depositions – August 3, 2026 for Mr. Dungey and August 11, 2026 for Mr. Rashley.

On August 3, 2026, Boost conducted the deposition of Mr. Dungey pursuant to agreement and Notice. During Mr. Dungey's deposition, information was revealed suggesting he was not truthful with the Court in his sworn Declaration (filed as D.E. 11-2). Specifically, in his Declaration Mr. Dungey swore that he did not know Mr. Rashley, and had never met or communicated with him. However, Mr. Dungey's and Mr. Rashley's call records (produced by Verizon pursuant to subpoenas) show they had more than seventy (70) telephone contacts with each other prior to and right after the time period in which Boost alleges Messrs. Dungey and Rashley provided consent to be contacted while using aliases, and were then contacted pursuant to the consent they provided.

Additional testimony revealed that Mr. Dungey may not have received a directive from any of his lawyers to preserve relevant evidence. Further, the Verizon phone records and his testimony revealed that he may have communicated with Counsel Oliver about Boost <u>prior</u> to his receipt of the alleged unlawful contact from Boost in March 2025. Boost has always taken the position that the alleged contact was actively solicited by both Mr. Dungey and Mr. Rashley, with others possibly being involved in such communications. Given that very recent development, Boost immediately served a Notice of Subpoena on Counsel Oliver and believes he may have non-privileged information related to the conduct of Messrs. Dungey and Rashley in connection with this case.

Mr. Rashley's deposition was noticed and scheduled to take place at 9:30 a.m. EST on August 11, 2026. On August 10, 2026, at 5:15 p.m. EST (after the close of business), Counsel

Duffie sent a two-sentence email to Counsel Messner, stating that Mr. Rashley's deposition scheduled for August 11, 2026 needed to be postponed. Counsel Duffie failed to state any grounds or cause for the postponement of the deposition, to which Counsel Messner timely objected, citing explicit concerns regarding both the eleventh-hour cancellation and the impending August 13, 2026 discovery deadline. Counsel Messner was later advised by Attorney Kaufman that Mr. Rashley's deposition required postponement due to his and Counsel Duffie's impending withdrawal as attorneys of record.

On August 11, 2026, Counsel Messner appeared for the properly noticed deposition of Mr. Rashley; however, neither the deponent nor his counsel of record appeared, prompting Counsel Messner to take a formal certificate of non-appearance. The transcript of Rashley's non-appearance is currently pending and will be supplemented and submitted to the Court immediately upon receipt.

In the absence of the four-month delay related to the inspection of Messrs. Dungey's and Rashley's identified devices, the recently revealed evidence about the lack of preservation notices, pre-retention contact with counsel and others about their conduct, and notice of withdrawal of counsel on the evening before Mr. Rashley's noticed deposition, additional time to take necessary discovery is necessary.

Messrs. Dungey and Rashley have unnecessarily obstructed the discovery process in this matter. Through stonewalling and dilatory tactics, they have intentionally delayed production and depositions. But for Plaintiffs' obstructive conduct, Boost would not be compelled to request an extension of time to complete essential discovery on material issues. Boost will suffer severe and substantial prejudice if it is not permitted additional time to finalize this necessary discovery.

Moreover, in the event that the Court permits counsel for Mr. Dungey and Mr. Rashley to withdraw from representation, a time period will likely be permitted for them to obtain replacement counsel, further warranting an extension of the current deadlines.

Pursuant to Southern District of Florida Local Rule 7.1(d)(1), Defendant Boost respectfully moves this Court for emergency relief, as meaningful relief will become completely unavailable if a ruling is not issued by August 13, 2026.[2]

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1(a)(3)**

Undersigned counsel Lisa A. Messner hereby certifies that she conferred by telephone with Attorney Avi Kaufman (counsel for Mr. Dungey and Mr. Rashley) on August 11, 2026. With respect to this Motion, Mr. Kaufman advised that counsel for Plaintiffs/Counter-Defendants take no position with respect to the relief sought in this Motion because they intend to withdraw from the representation of the Plaintiffs/Counter-Defendants.

Based on the foregoing, Boost respectfully submits that its request herein for an extension of the Discovery Deadline and a Modification of the Case Scheduling Order is supported by good cause and the requested relief is warranted because of the foregoing circumstances described above.

Respectfully submitted,

By: /s/Nelson C. Bellido
Nelson Bellido
Florida Bar No. 974048
ROIG LAWYERS
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Tel: (305) 405-0997
Email: nbellido@roiglawyers.com

---

[2] Pursuant to Local Rule 7.6, in the event the Court requires an affidavit verifying the representations herein, attached as Exhibit A is the Affidavit of Lisa A. Messner, Co-Counsel for Defendant.

*/s/ Lisa A. Messner*
Lisa A. Messner
Admitted *pro hac vice*
Ohio Bar No. 74034
Mac Murray & Shuster, LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955
Email: lmessner@mslawgroup.com

*Attorneys for Defendant Boost Health Agency Insurance, LLC*