**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| KYLE BUTLER RASHLEY, *et al.*, | : | |
| Plaintiffs/Counter-Defendants, | : | Case No. 1:25-cv-21690-KMW |
| | : | |
| v. | : | Judge Kathleen Williams |
| | : | |
| BOOST HEALTH INSURANCE AGENCY, LLC, | : | Magistrate Judge Enjolique Lett |
| | : | |
| Defendant/Counter-Plaintiff. | : | |

**AFFIDAVIT OF LISA A. MESSNER IN SUPPORT OF *EMERGENCY* MOTION OF BOOST HEALTH INSURANCE AGENCY, LLC TO EXTEND DISCOVERY DEADLINE AND MODIFY THE CASE SCHEDULING ORDER**

STATE OF OHIO )
) SS:
COUNTY OF FRANKLIN )

I, Lisa A. Messner, after being duly sworn under oath, state and declare as follows:

1. I am over eighteen years of age, and I am competent to testify in the matters set forth in this Affidavit from my personal knowledge. If called as a witness, I could competently testify to the matters stated in this Affidavit.

2. I am admitted *Pro Hac Vice* in this matter as one of the attorneys of record for Defendant/Counter-Plaintiff, Boost Health Insurance Agency, LLC ("Boost").

3. I respectfully submit this Affidavit to support the reasons supporting good cause for the relief requested by the above captioned *Emergency* Motion.

4. On July 9, 2025, the Court issued the original Case Scheduling Order (Doc. 12) in this matter, which set case scheduling deadlines, including a discovery deadline of July 2, 2026, pretrial motion filing deadline of July 29, 2026 and a Trial Date of November 2, 2026.

5. After that time, the Parties engaged in discovery timely, but did encounter a discovery dispute concerning the inspection of three (3) iPhones identified by Mr. Dungey and Mr. Rashley in their sworn Interrogatory Answers. Those identified devices are the ones on which they alleged to have received contact from Boost that form the basis of their Affirmative Claims. These are also the devices on which they state they had access to the internet, which is relevant here because Boost alleges that Mr. Dungey and Mr. Rashley accessed the internet to access its website and provide lawful consent to be contacted.

6. Boost originally served its Request for Inspection of these devices on March 13, 2026, and offer to meet and confer about the scope of such an inspection on that same day. At this time, Attorney Kaufman advised that his clients had 30 days in which to respond and would take that time to do so.

7. When Boost received the formal Objections and Responses to this Request for Inspection on or about April 12, 2026, such included a statement that Mr. Dungey and Mr. Rashley were willing to meet and confer about the scope of the requested inspection.

8. Thereafter, multiple attempts to meet and confer during the course of about three months occurred. During this time, counsel for Boost was redirected by Atty. Kaufman to contact two other lawyers for the meet and confer process, Dana Oliver and Allison Duffie.

9. After being unable to fully reach agreement, the Parties filed a Joint Letter Motion for direction from Magistrate Lett regarding the requested device inspection.

10. After a hearing on June 30, 2026 before Magistrate Lett regarding the dispute about the request to inspect these devices, Magistrate Lett issued an Order permitting the inspection to proceed.

11. After further conferral with Atty. Allison Duffie, that inspection of the three devices occurred, with imaging taken to determine whether information on the devices had been deleted, wiped or spoliated.

12. I recently received a summary report from KLD Discovery (the company retained for this device inspection and imaging) indicating that one device had been factory reset (erasing all information prior to the reset), and the other two devices had significant amounts of information deleted, and this happened well after the commencement of the litigation. I shared this summary report with counsel for Mr. Dungey and Mr. Rashley. This Report is being finalized as an appropriate expert Report, and is expected to be completed within the next two days.

13. On July 30, 2026, I issued Deposition Notices for both Mr. Dungey (on August 3, 2026) and Mr. Rashley (on August 11, 2026) based on these agreed upon dates to proceed from their counsel.

14. On August 3, 2026, I conducted the deposition of Mr. Dungey. During Mr. Dungey's deposition, information was revealed suggesting he was not truthful with the Court in his Declaration (filed as Doc. 11-2). Specifically, Mr. Dungey declared that he did not know Mr. Rashely and never communicated with him prior to this lawsuit.

15. I received subpoenaed call records for both Mr. Dungey and Mr. Rashley prior to the deposition showing they had more than seventy (70) telephone contacts prior to and right during the time period in which Boost alleges they provided consent to be contacted while using

aliases, and then were contacted. Mr. Dungey testified he did not recall such contact and/or denied the same, but had no reason to question the carrier's call records.

16. Additional testimony from Mr. Dungey was that he never recalled receipt of a preservation order from his counsel. He testified he did not take actions to erase information on either of his two devices at issue. However, the KLD preliminary report shows he factory reset one of the devices on March 11, 2026, which is about eleven months after this litigation was filed.

17. On August 10, 2026, at approximately 5:15 p.m. EST, I received an email from Attorney Duffie stating that Mr. Rashley's deposition scheduled for August 11, 2026 needed to be postponed, without any explanation. I promptly responded to this email and expressed concern about the August 13, 2026 Discovery Deadline. A few minutes later, Atty. Kaufman emailed me to state that Mr. Rashley's deposition needed to be postponed because they were withdrawing as counsel and replacement counsel needed to be secured.

18. On August 11, 2026, I appeared for Mr. Rashley's deposition, and neither Mr. Rashley nor his counsel appeared. I made a record of non-appearance, which is not yet available.

I swear under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Lisa A. Messner

Lisa A. Messner

Sworn to before me and subscribed in my presence on this 11th day of August, 2026.

Devyn Quick

Notary Public

My commission expires: 8/25/30

DEVYN QUICK, NOTARY PUBLIC
STATE OF OHIO