**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-21690-KMW/EAL**

KYLE BUTLER RASHLEY and
NICHOLAS DUNGEY, on behalf of
themselves and others similarly situated,

Plaintiffs/Counter-Defendants,

v.

BOOST HEALTH INSURANCE, INC.,

Defendant/Counter-Plaintiff.

**PLAINTIFFS/COUNTER-DEFENDANTS' COUNSEL'S**
**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

Allison Beth Duffie, Esq. and Avi Robert Kaufman, Esq. (collectively, "Counsel"), counsel of record for Plaintiffs/Counter-Defendants Kyle Butler Rashley and Nicholas Dungey ("Plaintiffs"), pursuant to Southern District of Florida Local Rules 7.1 and 11.1(d)(3) and Rule 4-1.16 of the Rules Regulating The Florida Bar, respectfully move for leave to withdraw as counsel for Plaintiffs in this action. In support, Counsel state as follows:

1. Plaintiffs commenced this action on April 12, 2025, asserting claims against Defendant Boost Health Insurance, Inc. under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

2. Defendant subsequently asserted counterclaims against both Plaintiffs.

3. Allison Beth Duffie, Esq. and Avi Robert Kaufman, Esq. presently appear as counsel for Plaintiffs, including in their capacities as Counter-Defendants.

4. Circumstances have arisen during the course of the representation that require Counsel to terminate their representation of both Plaintiffs.

5. Specifically, professional considerations require termination of the representation. Those considerations implicate Counsel's professional obligations and prevent Counsel from continuing to represent Plaintiffs consistent with those obligations.

6. The circumstances underlying this Motion also implicate Counsel's duties of confidentiality to their clients. Counsel therefore cannot provide a more detailed description of those circumstances in a public filing without potentially disclosing information relating to the representation.

7. Rule 4-1.16 of the Rules Regulating The Florida Bar governs an attorney's termination of representation and provides for withdrawal where continued representation would violate the Rules of Professional Conduct or law, where the representation has been rendered unreasonably difficult by the client, or where other good cause for withdrawal exists.

8. Florida Rule of Professional Conduct 4-1.16(b) provides that an attorney may withdraw if:

> . . . withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
> (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (2) the client has used the lawyer's services to perpetrate a crime or fraud;
> (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (6) other good cause for withdrawal exists.

9. Southern District of Florida Local Rule 11.1(d)(3)(A) provides that an attorney may withdraw an appearance only by leave of Court after notice to the attorney's client and opposing counsel.

10. Here, professional considerations have arisen that require Counsel to terminate the representation of both Plaintiffs.

11. Counsel have considered whether the circumstances could appropriately be addressed through measures short of withdrawal and have concluded that continued representation is not reasonably possible consistent with Counsel's professional obligations.

12. During the course of the representation, Counsel became aware of information that materially called into question certain factual representations previously made by Plaintiffs to Counsel and reflected in sworn submissions made in connection with this litigation.

13. Counsel thereafter addressed those circumstances directly with Plaintiffs and evaluated whether the issues could be resolved in a manner that would permit Counsel to continue the representation consistent with Counsel's ethical and professional obligations. Counsel concluded that they could not.

14. The circumstances concern matters at the core of the attorney-client relationship and Counsel's ability to rely upon information supplied by their clients in carrying out their obligations as officers of the Court. As a result, Counsel have determined that the attorney-client relationship has deteriorated to the point that continued representation is no longer reasonably possible.

15. Counsel respectfully submit that further description of the underlying facts would risk disclosure of confidential information and could unnecessarily prejudice Plaintiffs in this litigation. If the Court requires additional information to evaluate this Motion, Counsel respectfully request permission to provide such information *ex parte* and in camera.

16. Accordingly, Counsel respectfully request that the Court accept Counsel's representation that professional considerations require termination of the representation.

17. Counsel have advised both Kyle Butler Rashley and Nicholas Dungey that Counsel can no longer continue representing them in this action and intend to seek leave of Court to withdraw.

18. Counsel have further advised Plaintiffs of the need to protect their interests in this litigation, including the need to promptly obtain substitute counsel and continue complying with all applicable Court orders and deadlines unless otherwise ordered by the Court.

19. Counsel recognize that this case is in an advanced procedural posture and do not seek withdrawal without regard to the Court's existing schedule.

20. The Court has extended the discovery deadline through August 13, 2026, and the deadline for pretrial motions through August 27, 2026. Trial is presently scheduled for November 2, 2026.

21. Counsel further recognize that Defendant has asserted counterclaims against both Plaintiffs and that both Plaintiffs therefore remain parties to this action not only as Plaintiffs but also as Counter-Defendants.

22. Counsel accordingly request that Plaintiffs be afforded thirty (30) days from entry of the Court's Order to retain substitute counsel and have substitute counsel enter an appearance.

23. Such limited relief will protect Plaintiffs' ability to obtain substitute counsel while minimizing disruption to the proceedings.

24. Counsel further recognize that Plaintiffs brought this action as a putative class action under Federal Rule of Civil Procedure 23.

25. No class has been certified, and Counsel have not been appointed as counsel for any certified class.

**LOCAL RULE 7.1 CONFERRAL**

In accordance with Southern District of Florida Local Rule 7.1(a)(3), on August 11, 2026, Avi Robert Kaufman, Esq. conferred by telephone with Lisa A. Messner, Esq., counsel for

Defendant, concerning the relief requested in this Motion. Defendant advised through Ms. Messner that it reserves the right to object to the requested withdrawal.

**CONCLUSION**

Professional considerations require Counsel to terminate their representation of both Plaintiffs. Counsel cannot provide further detail concerning those considerations in a public filing without potentially implicating their duties of confidentiality. Both Plaintiffs have been advised of and consent to Counsel's withdrawal. Counsel therefore respectfully submit that good cause exists for the requested relief.

**WHEREFORE,** Allison Beth Duffie, Esq. and Avi Robert Kaufman, Esq. respectfully request that the Court enter an Order:

A. Granting this Motion;

B. Permitting Allison Beth Duffie, Esq. and Avi Robert Kaufman, Esq., and their respective law firms, to withdraw from all further representation of Plaintiffs/Counter-Defendants Kyle Butler Rashley and Nicholas Dungey in this action;

C. Directing the Clerk of Court to terminate Allison Beth Duffie, Esq. and Avi Robert Kaufman, Esq. as counsel of record for Kyle Butler Rashley and Nicholas Dungey;

D. Providing Plaintiffs thirty (30) days from entry of the Court's Order to retain substitute counsel and have substitute counsel enter an appearance;

E. Directing withdrawing Counsel to promptly transmit a copy of the Court's Order to Plaintiffs and thereafter file a Notice of Compliance;

F. Permitting Counsel, if the Court determines that additional information concerning the basis for withdrawal is necessary, to provide such information *ex parte* and in camera or pursuant to such other procedure as the Court directs; and

G. Granting such other and further relief as the Court deems just and appropriate.

Dated: August 13, 2026

Respectfully submitted,

*/s/ Avi R. Kaufman*

Avi R. Kaufman, Esq. (FL Bar No. 84382)
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gable, Florida 33133
kaufman@kaufmanpa.com
(305) 469-5881

Allison B. Duffie, Esq.
Fla. Bar No. 649902
allison@duffie.law
DUFFIE LAW, PLLC
2234 North Federal Highway, No. 1196
Boca Raton, Florida 33431
Tel: 561.440.1196

*Counsel for Plaintiff and all others similarly situated*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 13, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will provide notice to all counsel of record. I further certify that a true and correct copy of the foregoing was served upon Plaintiffs Kyle Butler Rashley and Nicholas Dungey at their respective addresses below on August 13, 2026:

**Kyle Butler Rashley**
14815 Boxwood Dr. West
Palm Beach, FL 33418

**Nicholas Dungey**
245 NE 14th St., Apt. 3714
Miami, FL 33132

*/s/ Avi R. Kaufman*