## Bianca Brostrom

**From:** Lisa Messner <lmessner@mslawgroup.com>
**Sent:** Wednesday, September 23, 2026 10:26 PM
**To:** Jensen C. Hoernig
**Cc:** Bianca Brostrom; Jeannette L. Lorenzo, FRP; Jeremy M. Colvin; Nelson C. Bellido
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00
**Attachments:** Amended Scheduling Order re Rashley v Boost.pdf

Good evening Jensen -

Thank you for your message and voice mail. I was on calls most of the day and unable to return your call. I will try to call you tomorrow in the later part of the day and hope we can speak tomorrow while I am traveling. For flexibility, please feel free to call either my cell phone number or my office number.

We discussed previously the significance of the timing, with my proposal to the Court of a January deadline to close discovery. However, the Court has ordered the close of discovery by December 4 (please see the attached). With this deadline in mind, and being cognizant of the Court's Local Rule 26.1 with respect to the 28 day time limitation to file a Motion to address discovery disputes, we plan to seek intervention from Judge Williams.

As mentioned before, Judge Williams recognized at the hearing that these matters raised some complicated privilege issues. During the hearing, Judge Williams indicated that she may refer discovery matters to the Magistrate but has not done so yet. Therefore, I plan to seek Court Intervention on narrowing the scope of the Subpoena and guidance on a privilege log. I am more than willing to continue to confer with you during this process so that we can present to the Court narrowed issues at a hearing as may be scheduled. I am certain Judge Williams will appreciate our efforts in that regard.

At this point, we are at an impasse and that is largely due to the timing. However, let us still confer so that we are prepared to present to the Court very narrowed issues. This will benefit the Parties and the Court.

Thanks so much.

**Lisa Messner** | Partner & Litigation Director | **Mac Murray & Shuster LLP** | 614.939.9955 | mslawgroup.com

**Confidential Communication:** This message contains confidential information that may not be disclosed or provided to third parties. If it has been received in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Sent:** Tuesday, September 22, 2026 10:20 PM
**To:** Lisa Messner <lmessner@mslawgroup.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jeannette L. Lorenzo, FRP <jlorenzo@roiglawyers.com>; Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>; Nelson C. Bellido <nbellido@roiglawyers.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

[CAUTION: External Email]

Good evening Lisa:

To add context and clarity to my previous e-mails, and for our mutual benefit as we continue our conferral on narrowing the Subpoenas, I wanted to respond directly to the bullet points you provided ahead of our phone conversations last week. Below are images of Exhibit A of the three Subpoenas directed to Heidarpour Law Office, PLLC, Andrew Heidarpour, and Dana Oliver, all identical to each other:

**EXHIBIT A**

**INSTRUCTIONS FOR SUBPOENA PRODUCTION**

As used in this attachment, "Customer Information" includes, but is not limited to the following:

a. Customer name(s), including, if applicable, corporate entities, as well as the individual acting on behalf of that entity;

b. Customer address(es);

c. Telephone number(s);

d. Email address(es);

e. Any account identification name or number assigned to the customer by you or any of your parents, affiliates, or subsidiaries;

f. Type of account;

g. Services provided in connection with the account;

h. Credit card information and/or PayPal account information and/or electronic checking account number and/or identifying details for any other payment record used for any of the subscriber's services;

i. The name(s) associated with any payment methods identified herein;

j. Billing addresses associated with any payment method identified herein;

k. Date ranges corresponding to the status of the Customer Information.

l. "Lawsuit" refers to the case captioned as Kyle Buter Rashley, et. al., vs. Boost Health Insurance, Inc., U.S.D.C. S.D. Florida, Case No. 1:25-cv-21690-KMW.

**ITEMS TO BE PRODUCED**

Please produce the following:

1. All documents that refer or relate to the Lawsuit.

2. All documents that refer or relate to Nicholas Dungey.

3. All documents that refer or relate to Kyle Butler Rashley.

4. All documents that refer or relate to communications you had with Nicholas Dungey between January 1, 2025 and April 12, 2025.

5. All documents that refer or relate to communications you had with Kyle Rashley between January 1, 2025 and April 12, 2025.

6. All documents that refer or relate to Boost Health Insurance Agency.

7. All documents that refer or relate to www.findyourhealthplan.org

8. All documents that refer or relate to Thomas Murhpy.

9. All documents that refer or relate to Thomas Murphy's association with the telephone number (561) 943-0417 as referenced in your April 3, 2025 email to Peter Rosenzweig.

10. All documents that refer or relate to the telephone number (561) 460-8422.

11. All documents that refer or relate to the telephone number (561) 943-0417.

12. All documents that refer or relate to the telephone number (305) 776-8306.

13. All documents exchanged between you and Avi Kaufman that refer or relate to: (i) the Lawsuit, (ii) Nicholas Dungey, (iii) Kyle Rashley, (iv) Boost Health Insurance Agency.

14. All documents exchanged between you and Andrew Heidarpour that refer or relate to: (i) the Lawsuit, (ii) Nicholas Dungey, (iii) Kyle Rashley, (iv) Boost Health Insurance Agency.

15. All documents that refer or relate to instructions you gave to Nicholas Dungey to preserve relevant evidence including, without limitation, his telephones and records of incoming and outgoing telephone communications.

16. All documents that refer or relate to instructions you gave to Kyle Rashley to preserve relevant evidence including, without limitation, his telephones and records of incoming and outgoing telephone communications.

In light of the above and our review of the applicable case law, and in addition to our previous conferral correspondence emails, responses to the bullet points are as follows:

- Boilerplate objections in the absence of seeking a protective order or agreement with counsel are deemed waived in this jurisdiction. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc*., 265 F.R.D. 589 (2010)). Simply lodging an objection, without moving for a protective order or seeking an extension, is insufficient. Courts find waiver where parties raise objections but took no affirmative steps to seek court relief, particularly when they offered no good excuse for the delay. The failure to move for a protective order or extension, combined with providing only boilerplate objections, strongly supports a waiver finding even if an objection was technically made on paper. *Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc*., 230 F.R.D. 688 (2005).

  The Northern District of Florida case *Pensacola Firefighters' Relief Pension Fund Bd.*, as you reference in a later bullet point, reaffirms the "holistic analysis" that courts apply to determine whether a claim of privilege is waived. In fact, in applying that analysis, courts routinely note that failure to provide a privilege log "does not result in an automatic waiver of the privilege." *See Pensacola Beach Community United Church, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2007 WL 737499 at *2 (N.D. Fla. March 7, 2007). Our objections are specific rather than boilerplate, and are accompanied by a detailed Memorandum of Law explaining our clients' position and the inappropriate overbreadth of the Subpoenas under Fed. R. Civ. P. 45.

  The Middle District of Florida case *Universal City Development Partners*, which involved a discovery dispute between two parties to the lawsuit (not subpoenas to non-parties, as is the case here), likewise affirms the "holistic reasonableness analysis." That case also discussed "review and production of 13,000 pages of documents" as "no small task," whereas here the materials

sought by the Subpoenas amount to an estimated 70,000+ pages, most of which are irrelevant and/or privileged. As we discussed in our previous conferral discussion, both of our clients maintain an interest in narrowing the Subpoenas to an appropriate scope to avoid the necessity for motion practice and the Court's involvement, and we continue to make efforts to effectuate that outcome in compliance with Local Rule 7.1(a)(3).

- As related to the crime/fraud exception, Boost must make a prima facie showing that Plaintiffs engaged in criminal or fraudulent conduct when seeking legal advice, was planning such conduct, or committed a crime or fraud after receiving counsel's advice, and that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it. *In re Sam Industrias S.A.*, 653 B.R. 196 (2023). The prima facie showing means evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed (*Diamond Resorts U.S. Collection Development, LLC v. US Consumer Attorneys, P.A.*, 519 F.Supp.3d 1184 (2021), which is a low threshold — only a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence establishing the crime-fraud exception's applicability. *U.S. v. Zolin*, 491 U.S. 554 (1989). This threshold showing may be met using any relevant evidence, lawfully obtained, that has not been adjudicated to be privileged. *Id.* Upon making this showing, the Court has discretion to conduct *in camera*, considering factors including the volume of materials, the relevance and importance of the allegedly privileged information, and the likelihood that in camera review will establish the exception applies. *Id.* The *in camera* review is an issue that was specifically mentioned by Judge Williams during a hearing addressing these issues.

  As discussed in detail in our responses to the Subpoenas, even if Boost makes a *prima facie* showing that the crime-fraud exception applies (which it has yet to do), the reach of the Subpoenas plainly extends far beyond any circumstances relevant to any alleged criminal or fraudulent activity occurring in this case. As explained in our responses to the Subpoenas, even if a crime or fraud exists and the sufficient showing is made to invoke the crime-fraud exception, the exception would "only extinguish[] the privilege for those communications and documents connected to the crime or fraud." *Hominski v. Gusar, LLC*, No. 24-CV-21590, 2026 WL 1261972 at *7 (S.D. Fla. May 8, 2026) (emphasis added) (quoting *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*, No. 9:18-CV-80311, 519 F. Supp. 3d 1184, 1222 (S.D. Fla. 2011). The primary issue to be addressed is the breadth of the Subpoenas.

- The failure to produce a privilege log: The duty to produce a privilege log is immediate and absolute under Rule 26(b)(5). Covington v. Sailormen Inc., 274 F.R.D. 692 (2011). The fact that compilation is burdensome does not obviate this obligation. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc*., 265 F.R.D. 589 (2010). Courts apply a holistic analysis to determine whether failure to produce a log results in waiver, and critically, a litigant faced with a burdensome log must seek a protective order or agreement with opposing counsel before the deadline expires — failure to do either weighs heavily in favor of waiver. *Id.*

  The Northern District of Florida case *Covington* (which again deals with a discovery dispute between parties to a lawsuit rather than a subpoena to a non-party) stands for the proposition that the duty to produce a privilege log *is triggered by rule rather than a party requesting it*, *see Covington*, 274 F.R.D. at 694. Here, Heidarpour, the Firm, and Oliver are not litigants responding to an opposing party's discovery requests, but non-parties subjected to Subpoenas, which are required to be narrowly tailored by the issuing party under Fed. R. Civ. P. 45(d)(1). As

we have discussed, in order to avoid the necessity of motion practice and Court intervention, and in compliance with Local Rule 7.1(a)(3), we continue to confer with you regarding narrowing the scope of the Subpoenas.

- The Affidavit of Mr. Heidapour provides inconsistent information based on historical facts - namely, Dana Oliver contacted Boost on March 27, 2025 regarding retention by Nicholas Dungey and April 3, 2025 regarding retention by Kyle Rashley. The Affidavit states his Firm was engaged on April 9, 2025 for Mr. Rashley and April 11, 2025 for Mr. Dungey.

    The Affidavit is based on the execution of engagement agreements with the former clients with respect to the instant case.

- The engagement with Mr. Dungey and Mr. Rashley continued until August 12, 2026. As such, it appears the engagement was ongoing at the time that they submitted what appears to be Declarations to the Court that are perjury.

    This appears to be an incomplete argument in favor of the applicability of the crime-fraud exception to attorney-client privilege, but as discussed fully in our clients' responses to the Subpoenas, establishing a prima facie case requires meeting multiple elements, and would only serve to extinguish the attorney-client privilege for those communications and documents connected to the crime or fraud. The Subpoenas seek a universe of documents that far exceeds the bounds of relevancy under Rule 45, and even assuming Boost's ability to demonstrate applicability of the crime-fraud exception, there is nothing to demonstrate that even an *in-camera* review of the 70,000+ pages of documents that meet the descriptions in the Subpoenas is reasonable under the applicable standards.

- No search was conducted for John Reynolds or John Renoylds.

    As you can see from the above, John Reynolds or John Renoylds are not referenced in the Subpoenas.

As previously communicated, we continue to be interested in an agreed narrowing of the requests in the Subpoenas so as to avoid the necessity of Court intervention. I have not received any response to my two previous conferral e-mails, but I am hopeful that our conferral will yield positive results.

Please do not hesitate to contact me if you would like to discuss further.

Thank you,

**Jensen C. Hoernig**
*Associate*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-612-3487|Fax: 561-683-8977
Email: Jensen.Hoernig@csklegal.com

**CSK** | Cole Scott & Kissane

*The Florida Law Firm*

2025 U.S. News Best Law Firms ®
Am Law 200

---

**From:** Lisa Messner <lmessner@mslawgroup.com>
**Sent:** Thursday, September 17, 2026 1:25 PM
**To:** Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jeannette L. Lorenzo, FRP <jlorenzo@roiglawyers.com>; Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>; Nelson C. Bellido <nbellido@roiglawyers.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

Good afternoon Jensen -

I look forward to speaking with you this afternoon to determine if we can work through these issues before seeking Court intervention.

Below is a list of bullet points for discussion this afternoon, which I hope helps to streamline our discussion.

- Boilerplate objections in the absence of seeking a protective order or agreement with counsel are deemed waived in this jurisdiction. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc*., 265 F.R.D. 589 (2010)). Simply lodging an objection, without moving for a protective order or seeking an extension, is insufficient. Courts find waiver where parties raise objections but took no affirmative steps to seek court relief, particularly when they offered no good excuse for the delay. The failure to move for a protective order or extension, combined with providing only boilerplate objections, strongly supports a waiver finding even if an objection was technically made on paper. *Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc*., 230 F.R.D. 688 (2005).

- As related to the crime/fraud exception, Boost must make a prima facie showing that Plaintiffs engaged in criminal or fraudulent conduct when seeking legal advice, was planning such conduct, or committed a crime or fraud after receiving counsel's advice, and that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it. *In re Sam Industrias S.A*., 653 B.R. 196 (2023). The prima facie showing means evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed (*Diamond Resorts U.S. Collection Development, LLC v. US Consumer Attorneys, P.A*., 519 F.Supp.3d 1184 (2021), which is a low threshold — only a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence establishing the crime-fraud exception's applicability. *U.S. v. Zolin*, 491 U.S. 554 (1989). This threshold showing may be met using any relevant evidence, lawfully obtained, that has not been adjudicated to be privileged. *Id.* Upon making this showing, the Court has discretion to conduct *in camera*, considering factors including the volume of materials, the relevance and importance of the allegedly privileged information, and the likelihood that in

camera review will establish the exception applies. *Id.* The *in camera* review is an issue that was specifically mentioned by Judge Williams during a hearing addressing these issues.

- The failure to produce a privilege log: The duty to produce a privilege log is immediate and absolute under Rule 26(b)(5). Covington v. Sailormen Inc., 274 F.R.D. 692 (2011). The fact that compilation is burdensome does not obviate this obligation. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc*., 265 F.R.D. 589 (2010). Courts apply a holistic analysis to determine whether failure to produce a log results in waiver, and critically, a litigant faced with a burdensome log must seek a protective order or agreement with opposing counsel before the deadline expires — failure to do either weighs heavily in favor of waiver. *Id.*

- The Affidavit of Mr. Heidapour provides inconsistent information based on historical facts - namely, Dana Oliver contacted Boost on March 27, 2025 regarding retention by Nicholas Dungey and April 3, 2025 regarding retention by Kyle Rashley. The Affidavit states his Firm was engaged on April 9, 2025 for Mr. Rashley and April 11, 2025 for Mr. Dungey.

- The engagement with Mr. Dungey and Mr. Rashley continued until August 12, 2026. As such, it appears the engagement was ongoing at the time that they submitted what appears to be Declarations to the Court that are perjury.

- No search was conducted for John Reynolds or John Renoylds.

Thank you again for planning a time to confer on these issues.

**Lisa Messner** | Partner & Litigation Director | **Mac Murray & Shuster LLP** | 614.939.9955 | mslawgroup.com

**Confidential Communication:** This message contains confidential information that may not be disclosed or provided to third parties. If it has been received in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Sent:** Thursday, September 17, 2026 8:57 AM
**To:** Lisa Messner <lmessner@mslawgroup.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jeannette L. Lorenzo, FRP <jlorenzo@roiglawyers.com>; Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>; Nelson C. Bellido <nbellido@roiglawyers.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

[CAUTION: External Email]

Good morning Lisa,

Per Nelson's September 11, 2026 e-mail below and the subsequent exchange, please identify the deficiencies you intend to raise ahead of our call this afternoon to satisfy your conferral obligations.

Nelson advised that you would follow up regarding this on Monday, and we have yet to hear back from you regarding any specifics regarding the purported deficiencies.

Thanks,

**Jensen C. Hoernig**
*Associate*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-612-3487|Fax: 561-683-8977
Email: Jensen.Hoernig@csklegal.com

CSK | Cole Scott & Kissane
*The Florida Law Firm*
2025 U.S. News Best Law Firms ®
Am Law 200

---

**From:** Lisa Messner <lmessner@mslawgroup.com>
**Sent:** Monday, September 14, 2026 9:40 PM
**To:** Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jeannette L. Lorenzo, FRP <jlorenzo@roiglawyers.com>; Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>; Nelson C. Bellido <nbellido@roiglawyers.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

3:00 is good - I'll call you then. Thanks.

**Lisa Messner** | Partner & Litigation Director | **Mac Murray & Shuster LLP** | 614.939.9955 | mslawgroup.com

**Confidential Communication:** This message contains confidential information that may not be disclosed or provided to third parties. If it has been received in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Sent:** Monday, September 14, 2026 9:27 PM
**To:** Lisa Messner <lmessner@mslawgroup.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jeannette L. Lorenzo, FRP <jlorenzo@roiglawyers.com>; Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>; Nelson C. Bellido <nbellido@roiglawyers.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

[CAUTION: External Email]

Good evening Lisa,

I can be available for a meet and confer anytime after 3:00 PM on Thursday.

Please let me know what time I can expect a call. You can reach me on my cell at (571)-326-6664.

Per Nelson's email below, please identify the deficiencies you intend to raise and would like to discuss ahead of our conversation.

Thanks,

**Jensen C. Hoernig**
*Associate*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-612-3487|Fax: 561-683-8977
Email: Jensen.Hoernig@csklegal.com

CSK | Cole Scott & Kissane
The Florida Law Firm
2025 U.S. News Best Law Firms ®
Am Law 200

---

**From:** Lisa Messner <lmessner@mslawgroup.com>
**Sent:** Saturday, September 12, 2026 12:44 PM
**To:** Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>; Nelson C. Bellido <nbellido@roiglawyers.com>; Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jeannette L. Lorenzo, FRP <jlorenzo@roiglawyers.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

I am not available Wednesday afternoon but can do anytime Thursday if you would have a good time then.

Thanks very much.

**Lisa Messner** | Partner & Litigation Director | **Mac Murray & Shuster LLP** | 614.939.9955 | mslawgroup.com

**Confidential Communication:** This message contains confidential information that may not be disclosed or provided to third parties. If it has been received in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Sent:** Friday, September 11, 2026 12:05 PM
**To:** Nelson C. Bellido <nbellido@roiglawyers.com>; Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Lisa Messner <lmessner@mslawgroup.com>; Jeannette L. Lorenzo, FRP <jlorenzo@roiglawyers.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

[CAUTION: External Email]

Good afternoon Nelson and Lisa,

I can be available for a conversation anytime after 1:00 p.m. on Wednesday the 16th.

Please let me know what time I can expect a call. You can reach me on my cell at (571)-326-6664.

Thanks,

**Jensen C. Hoernig**
*Associate*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-612-3487 | Fax: 561-683-8977
Email: Jensen.Hoernig@csklegal.com

CSK | Cole Scott & Kissane
*The Florida Law Firm*
2025 U.S. News Best Law Firms ®
Am Law 200

---

**From:** Nelson C. Bellido <nbellido@roiglawyers.com>
**Sent:** Friday, September 11, 2026 11:47 AM
**To:** Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>; lmessner@mslawgroup.com; Jeannette L. Lorenzo, FRP <jlorenzo@roiglawyers.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

Dear Jeremy,

Good morning. We are not required to provide a draft motion, letter, or memorandum identifying the alleged deficiencies before a meet and confer. The conferral obligation under S.D. Fla. L.R. 7.1(a)(3) and Fed. R. Civ. P. 37(a)(1) requires only a good-faith effort to discuss and resolve the disputed discovery issues. It does not require either side to submit written argument, a draft motion, or a position paper in advance. The Southern District's standard discovery order cautions that adequate conferral requires an actual personal communication (in person, by phone, or by video), not an exchange of written demands.

Lisa will follow up identifying the deficiencies we intend to raise. That satisfies our obligation. Requiring us to first draft and circulate the equivalent of a motion would defeat the whole purpose of meeting and conferring to try to resolve any differences and would save both our clients' additional expense. Perhaps you would agree, that the entire purpose of the conferral requirement is to see whether a motion can be avoided altogether, not to litigate the dispute in writing before the call even happens. I fully understand that Lisa's email did not identify the deficiencies in any detail and she shall follow up on Monday as she is out on personal leave today. Please let us know your availability on Wednesday or Thursday so we can schedule a call. Thank you.

Sincerely,

Nelson

Nelson Bellido

**Managing Partner of Miami Office**
201 S. Biscayne Blvd, Suite 2882
Miami, FL 33131
Main: (305) 405-0997
Direct: (786) 476-1661
Fax: (305) 405-1022
Email: nbellido@roiglawyers.com
Web: https://www.roiglawyers.com

**Disclaimer:**
The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

---

**From:** Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>
**Sent:** Friday, September 11, 2026 7:03 AM
**To:** Lisa Messner <lmessner@mslawgroup.com>
**Cc:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Nelson C. Bellido <nbellido@roiglawyers.com>; Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Subject:** Re: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

In advance of this meet and confer, please provide us with a draft Motion, letter, or memorandum identifying the alleged deficiencies and setting forth your position.

Thank you.

**Jeremy M. Colvin**
*Partner*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-383-9225 | Cell: 561-309-1616
Fax: 561-683-8977
Email: Jeremy.Colvin@csklegal.com

CSK | Cole Scott & Kissane
*The Florida Law Firm*
2025 U.S. News Best Law Firms ®
Am Law 200

On Sep 10, 2026, at 5:27 PM, Lisa Messner <lmessner@mslawgroup.com> wrote:

Good evening –

Prior to seeking Court intervention, we would like to schedule a meet and confer to discuss these responses, which we deem deficient.

Could you let me know some available times for next week?

Thanks very much.

**Lisa Messner** | Partner & Litigation Director | **Mac Murray & Shuster LLP** | 614.939.9955
| mslawgroup.com

**Confidential Communication:** This message contains confidential information that may not be disclosed or provided to third parties. If it has been received in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Bianca Brostrom <Bianca.Brostrom@csklegal.com>
**Sent:** Friday, September 4, 2026 10:13 AM
**To:** Lisa Messner <lmessner@mslawgroup.com>; nbellido@roiglawyers.com
**Cc:** Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>; Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>; Bianca Brostrom <Bianca.Brostrom@csklegal.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

[CAUTION: External Email]

Good morning, Mrs. Messner:

Please see attached service email sent on September 2, 2026. Please confirm you are in receipt of same at your earliest convenience.

Sincerely,

**Bianca Brostrom**

**Bianca Brostrom**
*Legal Assistant/Paralegal to Attorney(s):*
*Jeremy M. Colvin & Jensen C. Hoernig*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-612-3484 | Fax: 561-683-8977
Email: Bianca.Brostrom@csklegal.com

CSK | Cole Scott & Kissane
*The Florida Law Firm*
2025 U.S. News Best Law Firms ®
Am Law 200

**From:** Lisa Messner <lmessner@mslawgroup.com>
**Sent:** Friday, September 4, 2026 10:10 AM
**To:** Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>; nbellido@roiglawyers.com
**Cc:** Yvonne Calle <Yvonne.Calle@csklegal.com>; Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

Good morning Jeremy – We have not received a response to the Subpoenas. Can you advise if one will be forthcoming before we seek Court intervention?

Thank you,

**Lisa Messner** | Partner & Litigation Director | **Mac Murray & Shuster LLP** | 614.939.9955 | mslawgroup.com

**Confidential Communication:** This message contains confidential information that may not be disclosed or provided to third parties. If it has been received in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Lisa Messner
**Sent:** Friday, August 14, 2026 12:37 PM
**To:** 'Jeremy M. Colvin' <Jeremy.Colvin@csklegal.com>; nbellido@roiglawyers.com
**Cc:** Yvonne Calle <Yvonne.Calle@csklegal.com>; Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Subject:** RE: (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

Good afternoon Jeremy – The September 2, 2026 deadline is the proper deadline for response. In the event that responsive documents are deemed privileged, please provide a privilege log.

From our perspective, it appears as though Mr. Dungey and Mr. Rashley committed perjury in connection with pending litigation in a federal district court – which was initiated by them. As such, a crime/fraud exception may exist as to the privilege issues.

If you would like to discuss further, please feel free to reach out to me.

Thank you,

**Lisa Messner** | Partner & Litigation Director | **Mac Murray & Shuster LLP** | 614.939.9955 | mslawgroup.com

**Confidential Communication:** This message contains confidential information that may not be disclosed or provided to third parties. If it has been received in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Jeremy M. Colvin <Jeremy.Colvin@csklegal.com>
**Sent:** Wednesday, August 12, 2026 3:43 PM
**To:** Lisa Messner <lmessner@mslawgroup.com>; nbellido@roiglawyers.com
**Cc:** Yvonne Calle <Yvonne.Calle@csklegal.com>; Bianca Brostrom <Bianca.Brostrom@csklegal.com>; Jensen C. Hoernig <Jensen.Hoernig@csklegal.com>
**Subject:** (In Re: Heidarpour Law Office, PLLC; Andrew Heidarpour, Esq. (Kyle Butler Rashey and Nicholas Dungey v. Boost Health Insurance, Inc.)) CSK File: 1403.0002-00

[CAUTION: External Email]

Dear Ms. Messner:

Our law firm has been retained to represent Andrew Heidarpour, Esq. and Heidarpour Law Office, PLLC. In that regard, my clients have received two versions of subpoenas issued by your law firm with differing deadlines for compliance. The first batch of subpoenas received by my clients identified a deadline of September 2, 2026 to comply. Today, my client received another subpoena that identified a deadline of August 12, 2026 (today) to comply. We are assuming that the actual deadline for compliance is September 2, 2026, but we wanted to confirm with you. Obviously, neither my clients nor our law firm is ready to comply with the subpoenas.

Parenthetically, I highly doubt my clients will be permitted to produce much, if anything, in response to the subpoenas given the applicable attorney-client and/or work product privileges. Accordingly, these subpoenas are likely an exercise in futility.

Thank you, and I look forward to hearing from you.

**Jeremy M. Colvin**
*Partner*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-383-9225 | Cell: 561-309-1616
Fax: 561-683-8977
Email: Jeremy.Colvin@csklegal.com

CSK | Cole Scott & Kissane
*The Florida Law Firm*
2025 U.S. News Best Law Firms ®
Am Law 200

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and

small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

---

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.