**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-21690-KMW

KYLE BUTLER RASHLEY, *et al.*

Plaintiffs/Counterclaim Defendants,

v.

BOOST HEALTH INSURANCE
AGENCY, LLC,

Defendant/Counterclaim-Plaintiff.
________________________________________/

## MOTION FOR SANCTIONS AND TO SHOW CAUSE

Pursuant to Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure, Boost Health Insurance Agency, LLC ("Boost") respectfully moves the Court for sanctions against Plaintiff/Counterclaim Defendant, Kyle Butler Rashley, and an order requiring him to show cause why he should not be held in contempt for twice failing to appear for his agreed-upon and properly noticed depositions.

This deposition was originally noticed and agreed upon to occur on August 11, 2026, when Mr. Rashley was still represented by his prior counsel – Avi Kaufman and Allison Duffie. At 5:13 p.m. on the day before the deposition, Attorney Duffie sent an email to counsel for Boost stating that Mr. Rashley's deposition must be rescheduled, without further explanation. Attorney Duffie did not respond when counsel for Boost asked why the deposition required rescheduling. Instead, Attorney Kaufman intervened hours later and advised that his firm and Attorney Duffie's firm were

withdrawing and that Mr. Rashley should be given time to get replacement counsel for the deposition.[1]

Thereafter, the Court permitted prior counsel for Mr. Rashley to withdraw. Moreover, Mr. Rashley failed to obtain substitute counsel as ordered by the Court. As a result, Counsel for Boost coordinated with Mr. Rashley directly to agree upon the date of October 5, 2026 for his deposition, which he confirmed by text message and a voice mail message on September 18, 2026. His deposition was properly noticed on September 24, 2026 and served on both Mr. Rashley and Mr. Dungey[2] by email and by Federal Express delivery. (See Exhibit "A", Deposition Notice.)

On October 2, 2026, counsel for Boost reminded Mr. Rashley of his scheduled October 5, 2026 deposition by email and text. Mr. Rashley failed to appear for his deposition scheduled to commence on October 5th at 10:00 a.m. Following Mr. Rashley's failure to appear at the previously confirmed time, Counsel for Boost attempted to contact him by text, telephone call and email after the deposition commenced. No response was received to any of the attempted communications, and after waiting for approximately 25 minutes, Mr. Rashley did not appear for the deposition. A record of non-appearance was made at that time.

Under Rule 37(d)(1)(A)(i), in addition to an award of attorney's fees, the Court may award sanctions for a party's failure to appear for a deposition, which may include those sanctions specified in Rule 37(b)(2)(A)(i)-(vi). Those include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[1] Attorney Kaufman and Attorney Duffie filed a Motion for Leave to Withdraw as Counsel on August 13, 2026, just three days after the mysterious eleventh-hour cancellation of Mr. Rashley's first deposition. (.DE 48)

[2] Like Mr. Rashley, Mr. Dungey has not notified the Court that he has new counsel.

(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party

Here, Boost requests (i) an award of its attorney's fees associated with Mr. Rashley's failure to appear for his deposition, (iii) an Order compelling Mr. Rashley to appear for his deposition before October 31, 2026, and (iii) any other relief the Court deems proper.

**LOCAL RULE 7.1 CERTIFICATE OF COUNSEL**

Undersigned counsel Lisa A. Messner certifies that, on September 18, 2026, she conferred with Mr. Rashley to coordinate the agreed upon date (and time) of October 5, 2026 for his deposition. Further, Ms. Messner attempted to contact Mr. Rashley today via email, text message and telephone call when he failed to appear for his deposition, without any response. Given Mr. Rashley's non-responsiveness, a meet and confer concerning the relief requested in this Motion was unattainable with the Plaintiff.

Respectfully submitted,

By: /s/Nelson C. Bellido
NELSON BELLIDO
Florida Bar No. 974048
ROIG LAWYERS
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (305) 405-0997
nbellido@roiglawyers.com

\- And -

By: /s/ Lisa A. Messner

Lisa A. Messner
(*Admitted Pro Hac Vice*)
Mac Murray & Shuster, LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955
lmessner@mslawgroup.com

*Attorneys for Boost Health Insurance Agency, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Kyle Butler Rashley
14815 Boxwood Drive, West Palm Beach, Florida 33418
Kbrash91@gmail.com

Nicholas Dungey
245 NE 14thStreet, Unit 3714, Miami Florida 33132
170 NE 2ndStreet, Box 294061, Boca Raton, Florida 33429-5092
ndungey88@gmail.com

/s/Nelson C. Bellido
NELSON C. BELLIDO