**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-21690-KMW

KYLE BUTLER RASHLEY, *et al.*

Plaintiffs/Counterclaim Defendants,

v.

BOOST HEALTH INSURANCE
AGENCY, LLC,

Defendant/Counterclaim-Plaintiff.
_______________________________________/

**DEFENDANT'S MOTION TO COMPEL**
**COMPLIANCE WITH THIRD-PARTY SUBPOENA**

Defendant, Boost Health Insurance, Inc. ("Boost" or "Defendant"), pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) and Rule 37(a), respectfully moves the Court for an Order compelling non-party Allison B. Duffie ("Duffie") to respond to and comply with a Subpoena Duces Tecum served upon her, and states as follows:

## I. INTRODUCTION

This motion concerns a third-party Subpoena served upon non-party Allison B. Duffie. Despite being properly served with the Subpoena and having ample time to respond, Duffie failed to produce any documents, serve objections, seek relief from the Court, or otherwise respond. Because Duffie's response deadline has expired and no valid objection was timely asserted, Boost requests that the Court compel immediate compliance with the Subpoena.

## II. BACKGROUND

On September 3, 2026, Boost issued a Subpoena pursuant to Federal Rule of Civil Procedure 45 ("Subpoena") directing Duffie to produce documents responsive to the requests set forth in Exhibit A of the Subpoena (attached hereto as Exhibit "1"). The Subpoena commanded

production on or before September 30, 2026. The Subpoena sought documents and communications relating to the instant case, Kyle Butler Rashley, et al. v. Boost Health Insurance, Inc., Case No. 1:25-cv-21690-KMW, as well as communications involving various witnesses and parties connected to the litigation.

The Subpoena expressly advised Duffie of her obligations under Rule 45 and the time for asserting any objections. As of the filing of this Motion, no documents have been produced; no written objections have been served; no motion to quash or modify the Subpoena has been filed; and Duffie has failed to respond to the Subpoena.

Counsel for Boost has attempted in good faith to obtain compliance without court intervention. Despite those efforts, compliance has not been forthcoming.

## III. LEGAL STANDARD

Under Rule 45(d)(2)(B), a person commanded to produce documents may serve written objections before the earlier of the compliance date or fourteen days after service. Fed. R. Civ. P. 45(d)(2)(B). If no timely objections are served, objections are generally deemed waived.

When a subpoena recipient fails to produce documents or otherwise respond, the serving party may move for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). Courts routinely compel compliance where a non-party fails to timely object or otherwise respond to a subpoena.

## IV. LEGAL ARGUMENT

### a. Duffie Failed to Timely Respond or Object.

The Subpoena required document production by September 30, 2026. Duffie did not serve written objections, seek a protective order, move to quash the Subpoena, or produce responsive documents. Having failed to timely object, any objections to the Subpoena have been waived.

**b. <u>The Requested Discovery Is Relevant.</u>**

The Subpoena seeks documents and communications directly related to the claims and defenses in this action, including communications concerning the lawsuit and individuals involved.

The requested information is relevant and proportional to the needs of the case and is reasonably calculated to lead to the discovery of admissible evidence.

**c. <u>An Order Compelling Compliance Is Warranted.</u>**

Because Duffie has not responded in any fashion and has not asserted any valid objection, Boost has no practical means of obtaining the requested discovery absent court intervention. Accordingly, the Court should order Duffie to produce all responsive documents by a date certain.

**d. <u>Meet-and-Confer Efforts Occurred Here and Duffie Failed to Provide a Substantive Response.</u>**

The record reflects multiple conferrals and Boost's efforts to access relevant, non-privileged materials. Specifically, Boost's counsel attempted to confer between October 6 and 9, 2026 via email. Duffie represented to Boost's counsel that she filed a Motion to Quash, jointly with the Kaufman non-parties. (D.E. 60). However, Duffie is not included in that Motion, and she does not have counsel of record. Based on these communications, on Wednesday October 9, 2026, Boost's counsel sent Duffie a conferral email providing the opportunity for counsel to make an appearance for Duffie, amend the Kauffman Motion to Quash to include Duffie, or to otherwise meaningfully respond. Boost's counsel indicated that Boost would wait until October 10, 2026 to file any sort of Motion to Compel. Duffie did respond to Boost's counsel on October 10, 2026, indicating that a conflict check had cleared. She also indicated that her counsel would be in touch with Boost's counsel. However, as of the date of this filing (October 12, 2026), Boost has not received any sort of meaningful response to the Subpoena or any further communication from Duffie or proposed counsel.

This case is under a discovery deadline of December 4, 2026. Boost's counsel has made multiple efforts to confer with Duffie, and it has not received any sort of objection or response to the Subpoena. Boost has made every effort to resolve this outside of filing a Motion to Compel; however, given the impending discovery deadline, Boost has no choice but to request court intervention.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel Lisa A. Messner hereby certifies that on October 6 and 9, 2026, she conferred with Allison B. Duffie regarding her non-compliance with the Subpoena served upon her by Defendant in a good faith effort to resolve the issues, and no further response and/or production of documents has been received by Ms. Duffie as of the time of filing this motion.

WHEREFORE, Defendant Boost Health Insurance, Inc. respectfully requests that the Court:

1. Grant this Motion;

2. Order non-party Allison B. Duffie to fully respond to the Subpoena and produce all responsive documents within ten (10) days of the Court's Order;

3. Deem any objections to the Subpoena waived due to the failure to timely serve objections;

4. Award Boost its reasonable expenses and attorneys' fees incurred in bringing this Motion to the extent permitted by law; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/Nelson C. Bellido
Nelson C. Bellido
Florida Bar No. 974048
ROIG LAWYERS
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Tel: (305) 405-0997
nbellido@roiglawyers.com

- And -

By: /s/ Lisa A. Messner
Lisa A. Messner
(*Admitted Pro Hac Vice*)
Mac Murray & Shuster, LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955
lmessner@mslawgroup.com

*Attorneys for Boost Health Insurance Agency, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2026 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Kyle Butler Rashley
14815 Boxwood Drive, West Palm Beach, Florida 33418
Kbrash91@gmail.com

Nicholas Dungey
245 NE 14thStreet, Unit 3714, Miami Florida 33132
170 NE 2ndStreet, Box 294061, Boca Raton, Florida 33429-5092
ndungey88@gmail.com

/s/Nelson C. Bellido
Nelson C. Bellido