**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KYLE BUTLER RASHLEY, *et al.*

Plaintiffs/Counter-Defendants,

v.

BOOST HEALTH INSURANCE AGENCY, LLC,

Defendant/Counter-Plaintiff.

CASE NO. 1:25-CV-21690-KMW-EAL

**SECOND DECLARATION OF AVI R. KAUFMAN**

I, Avi R. Kaufman, hereby declare as follows:

1. I am a founding member of Kaufman, P.A., a law firm based in Coral Gables, Florida. I, Rachel Kaufman, and Kaufman, P.A. (collectively, the "Non-Parties") have moved to quash the Subpoenas to Produce Documents served upon each of us by Defendant/Counter-Plaintiff Boost Health Insurance Agency, LLC ("Boost") in the above-captioned action.

2. I previously submitted a declaration in support of the Non-Parties' Motion to Quash Subpoenas to Produce Documents (ECF 60-4).

3. I submit this second declaration in support of the Non-Parties' Reply in support of their Motion to Quash Subpoenas to Produce Documents, to address certain matters raised in Boost's Response in Opposition to the Motion to Quash (ECF 70).

4. I understand that Boost's Response refers to Plaintiff Nicholas Dungey's telephone records that were produced in discovery in this case, which contain redactions. A true and correct copy of those produced records is attached as **Exhibit A**.

5. Boost's Response contends that because Mr. Dungey testified at his deposition that he did not make the redactions, that "leave[s] the conclusion to be that the Kaufmans made the

redactions and they did so to intentionally conceal information that would otherwise prove damaging to their case." ECF 70 at 3.

6. I did not make these redactions, nor did anyone at my firm.

7. My firm's primary practice is representing plaintiffs in actions brought under the Telephone Consumer Protection Act (TCPA).

8. It is our standard practice, in TCPA cases involving only text messages, to redact all calls visible on telephone records produced in discovery, because such calls are not relevant to the issues in dispute. To the extent calls are relevant and at issue in a case, our standard practice is to redact all calls other than those between the plaintiff and the defendant.

9. The redactions in this case were consistent with our standard practice of redacting all calls in text message cases like this one. As you can see from Exhibit A, every single telephone call is redacted. The redactions are not selective or otherwise cherry-picked.

10. Boost's counsel did not attempt to confer with me about these redactions within the 28-day period prescribed by the Court's Local Rule 26.1 for raising discovery disputes relating to the sufficiency of a production of documents or other materials.

11. I did not receive a request from Boost's counsel to confer on our discovery responses until months later, by which point the 28-day window expired, so there was nothing further to discuss in relation to the production. The request to confer, which covered several other topics, did not mention the production of redacted telephone records.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 20, 2026

Respectfully submitted,

Avi R. Kaufman