**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-21690-KMW

KYLE BUTLER RASHLEY, *et al.*

Plaintiffs/Counterclaim Defendants,

v.

BOOST HEALTH INSURANCE
AGENCY, LLC,

Defendant/Counterclaim-Plaintiff.
_______________________________________/

**DECLARATION OF ATTORNEY LISA MESSNER**
**IN SUPPORT OF BOOST HEALTH INSURANCE AGENCY, LLC'S MOTION FOR FINAL DEFAULT JUDGMENT**

I, Lisa Messner, declare as follows:

1. I am over the age of eighteen and am competent to make this Declaration. I have personal knowledge of the matters set forth herein, except where otherwise stated, and if called as a witness, I could and would testify competently to them.

2. I am an attorney with Mac Murray & Shuster LLP ("M&S") and counsel of record for Boost Health Insurance Agency, LLC ("Boost") in this action. I submit this Declaration in support of Boost's Motion for Final Default Judgment and, specifically, its request to recover attorneys' fees and litigation costs as compensatory damages arising from the conduct alleged in Boost's First Amended Counterclaim.

3. I have been personally involved in the representation of Boost in this action and am familiar with the work performed by the attorneys and other legal professionals at M&S on Boost's behalf.

*Attorneys' Fees and Billing Records*

4. M&S maintains contemporaneous billing records reflecting the legal services performed on Boost's behalf. Those records identify, among other things, the date services were performed, the professional performing the services, a description of the work performed, the time expended, and the applicable billing rate.

5. I have reviewed those contemporaneous billing records in connection with the preparation of this Declaration and Boost's request for damages.

6. The attorneys and other legal professionals whose time is included in Boost's request, together with their applicable billing rates and relevant experience, are as follows:

| Timekeeper | Position | Hourly Rate | Hours Sought | Fees |
|---|---|---|---|---|
| Lisa Messner | Partner | $595/hr (2025); $630/hr (2026) | 254.3 | $157,607.00 |
| Erica Hollar | Senior Associate | $525/hr | 45.4 | $23,835.00 |
| Chad Blackham | Senior Associate | $450/hr | 11.6 | $5,220.00 |
| Christopher Ramdeen | Associate | $450/hr | 11.6 | $5,220.00 |
| Devyn Quick | Paralegal | $180/hr (2025); $190/hr (2026) | 11.4 | $2,141.00 |
| Chris Wager | Partner | $585/hr (2025); $615/hr (2026) | 3 | $1,824.00 |
| Lisa Robinson | Legal Assistant | $170/hr | 0.9 | $153.00 |
| **TOTAL** | | | **338.2** | **$196,000.00** |

7. The hourly rates reflected above are the rates actually billed to Boost for the services at issue and charged by the Firm for these timekeepers during the relevant period.

8. Based upon my experience as a practicing attorney, my familiarity with prevailing rates for comparable legal services, and the nature and complexity of this litigation, I believe the rates reflected above are reasonable for attorneys and legal professionals of comparable skill and experience performing comparable work in this market.

*Fees Attributable to Plaintiffs' Intentional Fraud*

9. Boost's defense expenses were and are a natural and foreseeable consequence of the alleged fraud and constitute compensatory damages flowing from the wrongful conduct of Kyle Butler Rashley ("Rashley") and Nicholas Dungey ("Dungey").

10. The fees included in Boost's request consist of legal services reasonably incurred in defending against Plaintiffs' claims and prosecuting the Counterclaims, including, as applicable, investigating the factual basis for the claims; analyzing the communications upon which the claims were based; preparing responsive pleadings; conducting and responding to discovery concerning those claims; preparing for and taking or defending depositions; briefing dispositive issues relating to those claims; attending hearings; and other work reasonably necessary to defend Boost against the claims asserted against it.

11. After applying the foregoing review and segregation, Boost incurred $190,780.00 in attorneys' fees attributable to defending the claims asserted against it.

*Reasonableness and Billing Judgment*

12. I have also reviewed the fees sought to determine whether the time expended was reasonable and necessary in light of the work performed and the needs of the litigation.

13. In conducting that review, I exercised billing judgment and excluded duplicative, excessive, administrative, clerical, or otherwise non-compensable time, as appropriate.

14. Accordingly, the $190,780.00 in attorneys' fees requested by Boost reflects 338.2 hours of legal services that, in my professional judgment, were reasonably and necessarily incurred in defending the claims at issue in this litigation, and prosecuting the Counterclaims.

*Costs*

15. Boost also incurred litigation costs and expenses in connection with its defense in this matter.

16. Those costs include local counsel invoices, KLDiscovery/KLD Discovery, Veritext Legal Solutions, Esquire Solutions, Resolute Systems, FedEx/shipping, Transcript fees, and Verizon subpoena compliance, as reflected in the Firm's contemporaneous records.

17. The litigation costs included in Boost's damages request total $42,628.19.

18. Accordingly, the total attorneys' fees and litigation costs sought by Boost as compensatory damages are:

Attorneys' Fees: $196,000.00

Litigation Costs: $42,628.19

Total: $238,628.19

*Supporting Billing Records*

19. The Firm maintains the complete, unredacted contemporaneous billing records underlying the amounts identified in this Declaration. Because certain billing narratives may contain information protected by the attorney-client privilege or work-product doctrine, Boost respectfully offers to submit the complete, unredacted billing records to the Court *in camera* should the Court determine that further review is necessary.

20. Based upon my review of the contemporaneous billing records and my personal knowledge of this representation, the attorneys' fees and costs identified above were actually incurred, and the amounts requested in this Declaration accurately reflect the fees and costs Boost seeks to recover as compensatory damages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2026.

*/s/ Lisa A. Messner*