**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-21690-KMW

KYLE BUTLER RASHLEY, *et al.*

Plaintiffs/Counterclaim Defendants,

v.

BOOST HEALTH INSURANCE
AGENCY, LLC,

Defendant/Counterclaim-Plaintiff.
_______________________________________/

**DECLARATION OF ATTORNEY NELSON C. BELLIDO**
**IN SUPPORT OF BOOST HEALTH INSURANCE AGENCY, LLC'S**
**MOTION FOR FINAL DEFAULT JUDGMENT**

I, Nelson C. Bellido, declare as follows:

1. I am over the age of eighteen and am competent to make this Declaration. I have personal knowledge of the matters set forth herein, except where otherwise stated, and if called as a witness, I could and would testify competently to them.

2. I am a partner at Roig, Rosenberg, Martin & Bellido, P.A. d/b/a Roig Lawyers ("Roig") and have been a member of The Florida Bar in good standing since 1993. I am counsel of record for Defendant/Counterclaim-Plaintiff Boost Health Insurance Agency, LLC ("Boost") in this action. I submit this Declaration in support of Boost's Motion for Final Default Judgment against Plaintiffs/Counterclaim-Defendants Kyle Butler Rashley ("Rashley") and Nicholas Dungey ("Dungey") (together, "Plaintiffs") and, specifically, Boost's request to recover, as compensatory damages, the attorneys' fees and litigation costs it was forced to incur as a direct

result of the fraudulent conduct alleged in Boost's First Amended Counterclaim, the well-pleaded allegations of which are deemed admitted by virtue of Plaintiffs' default.

3. I have been personally involved in the representation of Boost in this action, have personally performed or directly supervised the work for which fees are sought, and am familiar with the work performed by the attorneys and other legal professionals at Roig on Boost's behalf.

*Attorneys' Fees and Billing Records*

4. Roig maintains, in the regular course of its business, contemporaneous billing records reflecting the legal services performed on Boost's behalf. Those records are created at or near the time the services are performed and identify, among other things, the date services were performed, the professional performing the services, a description of the work performed, the time expended, and the applicable billing rate.

5. I have personally reviewed those contemporaneous billing records in connection with the preparation of this Declaration and Boost's request for damages.

6. The attorney and paralegal whose time is included in Boost's request, together with their hourly rates, the hours sought, and the resulting fees, are as follows:

| Timekeeper | Position | Hourly Rate | Hours Sought | Fees |
|---|---|---|---|---|
| Nelson C. Bellido | Partner | $500/hr (2025); $500/hr (2026) | 95.5 | $47,750.00 |
| Jeannette Lorenzo | Paralegal | $150/hr (2025); $150/hr (2026) | 43.4 | $6,510.00 |
| **TOTAL** | | | **138.9** | **$54,260.00** |

7. The hourly rates reflected above are the rates Roig actually billed to Boost for the services at issue during the relevant period.

8. I have practiced law in South Florida for more than thirty years. I previously served as a prosecutor, and I am the Managing Partner of Roig's Miami office, where my practice focuses on complex commercial litigation in the state and federal courts of South Florida, including the defense of class actions brought under the Telephone Consumer Protection Act and related consumer-protection statutes.

9. Jeannette Lorenzo is a litigation paralegal with over 22 years of experience who works under my direct supervision. The paralegal time included in Boost's request reflects substantive legal work, not clerical or administrative tasks, that would otherwise have been performed by an attorney at a higher hourly rate.

10. Based upon my more than three decades of practice in South Florida, my familiarity with the prevailing market rates charged by attorneys and paralegals of reasonably comparable skill, experience, and reputation for similar services in this District, and the nature and complexity of this litigation, the rates reflected above are reasonable and are at or below the prevailing market rates for comparable work in this District.

*Fees and Costs Caused by Plaintiffs' Fraudulent Conduct*

11. As alleged in the First Amended Counterclaim, Boost would not have incurred the fees and costs described in this Declaration but for Plaintiffs' fraudulent conduct. Those expenses were a direct, natural, and foreseeable consequence of that conduct, and Boost seeks to recover them as compensatory damages.

12. The fees included in Boost's request consist solely of legal services reasonably and necessarily incurred in defending against Plaintiffs' claims and prosecuting Boost's Counterclaims. That work included investigating the factual basis for Plaintiffs' claims; analyzing the communications on which those claims were based; preparing responsive pleadings; preparing and

serving third-party subpoenas, including subpoenas for telephone carrier records; conducting and responding to discovery; conferring with Boost regarding depositions; briefing dispositive issues; attending hearings; and performing other work reasonably necessary to defend Boost and prosecute its Counterclaims.

13. In total, Roig's billing records reflect that Boost incurred $54,260.00 in attorneys' fees in defending against Plaintiffs' claims and prosecuting its Counterclaims.

*Reasonableness and Billing Judgment*

14. Boost does not seek that full amount. Before submitting this request, I reviewed each time entry to determine whether the time expended was reasonable and necessary in light of the work performed and the needs of the litigation.

15. In conducting that review, I exercised billing judgment and excluded all time that was duplicative, excessive, redundant, administrative, clerical, or otherwise non-compensable. Where I could not clearly attribute an entry to Plaintiffs' fraudulent conduct, I excluded it.

16. As a result of that review, Boost seeks $54,260.00 in attorneys' fees, representing 138.9 hours of legal services. In my professional judgment, each of those hours was reasonably and necessarily incurred in defending against Plaintiffs' claims and prosecuting Boost's Counterclaims.

*Costs*

17. Boost also incurred litigation costs and expenses in defending against Plaintiffs' claims and prosecuting its Counterclaims.

18. Those costs include DLE Legal's charges for service of third-party subpoenas, Verizon's charges for producing subpoenaed records, and the Clerk of Court's filing fee for the motion for pro hac vice admission of Lisa A. Messner, each as reflected in Roig's contemporaneous records.

19. The litigation costs Boost incurred with Roig total $835.00.

20. Accordingly, the total attorneys' fees and litigation costs incurred by Boost with Roig:

Attorneys' Fees: $54,260.00

Litigation Costs: $835.00

Total: $55,095.00

*Supporting Billing Records*

21. Roig maintains the complete, unredacted contemporaneous billing records underlying the amounts identified in this Declaration. Because the billing narratives contain information protected by the attorney-client privilege and the work-product doctrine, including counsel's mental impressions and litigation strategy, Boost has not filed them on the public docket. Boost will promptly submit the complete, unredacted billing records to the Court for in camera review should the Court find it helpful.

22. Based upon my review of the contemporaneous billing records and my personal knowledge of this representation, the attorneys' fees and costs identified above were actually incurred, were reasonable and necessary, and are accurately reflected in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 20, 2026.

*/s/Nelson C. Bellido*
Nelson C. Bellido